IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

Plaintiff,

v.

LINDA CONNOR,

Defendant.                                          No. 09-30020-DRH

## ORDER

**HERNDON, Chief Judge:**

This Order is to memorialize and supplement the Court's statements made when it imposed the sentence in open court on Defendant Linda Connor on September 11, 2009.

This judge acknowledged during court that his obligation was to fashion an individualized sentence in examining all of the factors under **18 U.S.C. § 3553(a)**. Further, that while the Sentencing Guidelines must be considered, they must not be considered mandatory as they are only advisory. In so considering, this judge specifically pointed out that he would not presume the reasonableness of a guideline sentence and would examine the full sentencing range pursuant to the statute from below the guideline, to within the guideline, and above the guideline.

The Court found in this case, the statutory range of custody on Count 1 was not more than three years in prison, the statutory range of supervised release after incarceration was not more than one year. As to Count 2, the statutory range of custody was not more than ten years, the statutory range of supervised release after incarceration was not more than three years. Probation was available, statutorily, for not less than one nor more than five years. The maximum statutory fine on Count 1 was $250,000 and on Count 2 was $739,175.16. The total maximum fine was $989,175.16. A special assessment of $100 was mandatory on each count for a total of $200. Within the guidelines, the Court found the custodial range to be 46 to 57 months. The guideline sentence as to Count 1 was 36 months. This is based on a total offense level of 23 and a criminal history category of I. The guideline term of supervised release was one year for Count 1 and two to three years for Count 2 with no eligibility for probation. The fine range was from $10,000 to $100,000. The special assessment was found to be the obligatory $100 per felony count.

In reviewing the factors under **18 U.S.C. § 3553(a)**, the Court was faced with a conflicting situation. The statute directs the Court to examine the terms of the nature and circumstances of the offense and the seriousness of the offense. All parties agree as to the seriousness of the offense. The actions of the Defendant affected those most vulnerable in the Village of Washington Park, its citizens. The crime statistics presented by the Government show just how vulnerable the Village is as a whole and 44.8% of its citizens are below the poverty line. The Village's

citizens were placed in substantial risk by the presence and activities of the Defendant. The Village ultimately had to file for bankruptcy protection, in part due to the activities of the Defendant, it could be inferred.

However, the Court found that the history and characteristics of the Defendant show an extraordinary woman, in conflict with her egregious conduct in the crime at hand. The Defendant's history and characteristics show a woman of extraordinary character who has faced many hardships in her life. She has raised a profoundly disabled daughter, who suffers extreme separation anxiety when apart from her mother, at the same time, the Defendant suffers from a progressive eye condition which will one day leave her completely blind. She is involved in her community and her church and has had a profound affect on numerous people in her community. The Defendant has engaged in selfless lifesaving endeavors for people she doesn't even know. Her character far outweighs the concern of protecting the public from further crimes.

While the Court is not worried about deterring the Defendant's future conduct, the Court is concerned with general deterrence and sending a message that the Court will not reward this type of conduct. Consequently, the Court must render a sentence that will afford adequate general deterrence to criminal conduct. The Court notes that this factor goes hand in hand with the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense. While the Defendant has faced many difficulties in her life, it does not give her a license to steal. The Defendant engaged

in systematic theft, carried out over years, from a vulnerable collective of people, many of whom were very poor, so she could live in virtual opulence.

In reviewing the factors under **18 U.S.C. § 3553(a)**, the Court finds that the history and characteristics of the Defendant does not offset the seriousness of the offense and providing just punishment for the offense. However, the Court agrees that the Defendant's history and characteristics is a substantial mitigating factor. While the Court will vary its sentence based on Defendant's history and characteristics, it will not, however, vary the sentence to the extent requested by the Defendant (which was down to a year and a day for both counts). To do so would not adequately reflect the seriousness of the offense or provide just punishment for the offense. Therefore, the Defendant is sentenced to thirty-six (36) months imprisonment on both Counts 1 and 2, to run concurrently, three (3) years supervised release, and two hundred dollars ($200) special assessment. This represents a ten month variance on Count 2. The Court finds the variance justified by her acts of public service prior to her criminality, but due to the seriousness of her criminality, the adverse impact upon the people of Washington Park and the need to punish the Defendant for that criminality, a greater variance was not in order, in the judgment of this Court. The Defendant must also bear the full amount of restitution which totals $429,689.58.

The balance of particulars of the Court's sentencing order shall be contained in the written judgment of the Court, which sets out the orders of the Defendant's supervision upon release from prison, the payment schedule of her

financial obligations and other details of the Court's verbal order.

**IT IS SO ORDERED.**

Signed this 14th day of September, 2009.

/s/      *DavidRHerndon*
**Chief Judge
United States District Court**